121 P.3d 1240

**STATE of Arizona, Appellee,**

v.

**Richard J. GLASSEL, Appellant.**

**No. CR–03–0022–AP.**

Supreme Court of Arizona,
En Banc.

Oct. 24, 2005.

**ORDER**

This Court has received Appellant's Motion for Reconsideration. The Court ordered the State to respond. After review and consideration, the Court finds that it made an error of fact in *State v. Glassel*, 211 Ariz. 33, 116 P.3d 1193 (2005). This Court stated that the trial court had prevented Glassel from asking two jurors for their meaning of the phrase "sufficiently substantial to call for leniency". *Id.* at ¶ 41. In fact, the trial court prevented Glassel from asking twelve jurors this question.

Glassel contends that this error is sufficient to require reconsideration because he has a right, under *Morgan v. Illinois*, 504 U.S. 719, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992), to ask jurors for their understanding of the phrase "sufficiently substantial to call for leniency." Glassel is incorrect.

*Morgan* gives defendants the right to determine whether potential jurors would automatically vote for death once a defendant has been found guilty of capital murder. *Id.* at 729, 112 S.Ct. 2222. The trial court permitted Glassel to ask jurors the *Morgan* question. In addition, Glassel was allowed to ask the twelve jurors at issue for their views about specific mitigating circumstances. Those jurors' responses gave him considerable information about what mitigating circumstances they might find to be sufficiently substantial to call for leniency. Therefore, any factual error in the Court's opinion on this point is not material to the conclusions reached in our opinion. Accordingly,

IT IS ORDERED denying Appellant's Motion.

Michael D. Ryan, Justice